# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40151
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES MARCUS MALONE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-435-2

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

James Marcus Malone appeals his conviction and sentence for conspiracy to import methamphetamine, in violation of 21 U.S.C. § 963; importation of methamphetamine, in violation of 21 U.S.C. § 952(a); conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846; and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On appeal, he argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40151

abused its discretion by instructing the jury on deliberate ignorance because the evidence did not raise an inference of willful blindness to the illegal activities. Therefore, Malone contends that the instruction allowed the jury to convict on a lesser standard than knowledge beyond a reasonable doubt.

This court reviews challenges to jury instructions for abuse of discretion. *United States v. Rios*, 636 F.3d 168, 171 (5th Cir. 2011). In reviewing a district court's deliberate ignorance instruction, this court considers the evidence and draws all reasonable inferences in the light most favorable to the Government, *United States v. Nguyen*, 493 F.3d 613, 619 (5th Cir. 2007), and it takes into account the totality of the evidence, *United States v. Lara-Velasquez*, 919 F.2d 946, 952 (5th Cir. 1990). This court will uphold a deliberate ignorance instruction if it is supported by sufficient evidence. *See Lara-Velasquez*, 919 F.2d at 951. An error in giving the instruction is harmless if substantial evidence showing actual knowledge of criminal conduct was adduced at trial. *United States v. McElwee*, 646 F.3d 328, 341 (5th Cir. 2011).

Viewing the evidence in the light most favorable to the Government, the deliberate ignorance instruction was proper. *See Nguyen*, 493 F.3d at 619. The evidence presented at trial indicates that Malone was subjectively aware of a high probability of illegal conduct and that he purposely avoided learning of the illegal conduct. *See id.* Even if the district court abused its discretion by giving the instruction, any error was harmless because the evidence adduced at trial was sufficient to show Malone's actual knowledge of the criminal activity. *See McElwee*, 646 F.3d at 341.

Accordingly, the judgment of the district court is AFFIRMED.